[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 15 December, 1993
Date of Application: 15 December, 1993 CT Page 11845
Date Application Filed: 27 December, 1993
Date of Decision: 25 October, 1994
Application for review of sentence imposed by the Superior Court Judicial District of Fairfield, at Bridgeport. Docket #CR92-75479.
Frank E. Babycos, Esq., for the Petitioner.
Joseph J. Harry, Esq., for the State.
BY THE DIVISION
The petitioner was found guilty after a trial by jury of two counts of Failure to Appear in the 1st degree in violation of Conn. Gen. Stat. 53a-172. The court imposed a sentence of two and one-half years to serve on each count to run consecutive to each other for a total effective sentence of five years to serve.
The record shows that the petitioner was charged initially with a sale of drugs in violation of Conn. Gen. Stat. 21a-278. When the case came up for trial the petitioner failed to show. He was arrested for failure to appear which was added onto his original charge. When the two charges came up for trial a second time the petitioner again failed to appear. He then came back and submitted to the jurisdiction and his case of two failures to appear along with the original drug count was tried to a jury. The jury found him guilty on the two failure to appear counts only.
The attorney for the petitioner thought that the sentence imposed by the court was extremely excessive and inappropriate for two failure to appear convictions. Counsel noted that the petitioner was an illegal alien who already owes a six month sentence to the U.S. Government. On his first failure to appear counsel felt that the petitioner was frightened over CT Page 11846 the plea bargain and took off to Texas. After returning to the state and on the eve of his second trial he was given a new lawyer and felt insecure and returned to Texas. Counsel felt that the court imposed a high sentence because the jury did not find guilt on the original drug charge. Counsel felt that the petitioner had a legitimate concern over the last minute change of counsel on the eve of trial and felt that the petitioner should have been given a lesser sentence.
Petitioner addressed the panel arguing that he turned himself in on his first failure to appear. Indicating that he was not a threat to society and that he has learned his lesson.[,] that he can never run away from a problem, he urged the panel to take into consideration the time he has already spent in jail. Petitioner also felt that he did not commit a hideous crime and that he has not encountered anyone in jail who has received five years for a failure to appear.
The attorney for the state felt the petitioner deserved more time as he was set up for trial twice and failed to show. He also noted that the petitioner was picked up by a bounty hunter on one of his failures to appear and that when he took off he left his wife in the lurch. Counsel also noted that the petitioner was wanted by the State of Florida and the federal government.
In light of the factors set forth in Practice Bk. 942, a sentence of five years to serve is appropriate and proportionate for two separate crimes of failure to appear.
The sentence is affirmed.
Norko, J.
Klaczak, J.
Stanley, J.
Norko, J., Klaczak, J., and Stanley, J., participated in this hearing.